UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS HEALTHCARE PHYSICIANS,
LLC,

    Plaintiff,

v.                                                       Case No. 8:21-cv-2306-TPB-AAS

IT POSSIBLE, LLC, a Maryland
limited liability company and
KIRIT DESAI,

    Defendants.
_____/

**ORDER DENYING IN PART AND DEFERRING
IN PART "PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION"**

This matter is before the Court on "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum of Law," filed on September 29, 2021. (Doc. 2). Upon review of the motion, court file, and record, the Court finds as follows:

**Background**

Plaintiff Access Healthcare Physicians, LLC, provides primary care services and diagnostic testing to patients in Florida. Plaintiff uses the services of GoDaddy, a non-party, for registration of internet domains and for hosting services for websites through which Plaintiff does business. In 2020-2021, Plaintiff and Defendant Kirit Desai were involved in discussions about a potential joint business venture relating to an entity known as Comprehensive Hematology and Oncology LLC ("CHO"). The parties set up domains within Plaintiff's overarching GoDaddy account for potential future use by

CHO. The talks, however, did not come to fruition, and Desai stated that he planned to transfer the CHO domains to a separate GoDaddy account. Desai gave Plaintiff his credit card so that the card would be an authorized payment source for charges related to the CHO domains until they could be transferred.

On August 27, 2021, however, Plaintiff found itself locked out of the GoDaddy account, and on September 13, 2021, a representative of Defendant IT Possible, LLC, which provides computer services to Desai, informed Plaintiff by e-mail that IT Possible now had access to the GoDaddy account and suggested that Plaintiff move its other domains (those not relating to CHO) to a new GoDaddy account. Plaintiff believes that Desai and IT Possible have improperly gained control of Plaintiff's GoDaddy account using Desai's credit card information on file with GoDaddy.

Because of Defendants' actions, Plaintiff cannot access its GoDaddy account or use its account to operate its various websites and maintain its domain registrations. There is also the potential that Defendants might provide access to third parties, transfer domains or valuable information to third parties, or make changes to Plaintiff's account such as changing the services GoDaddy provides. As a result, Plaintiff is at risk that its websites will crash and that it will suffer damage to its reputation and loss of customers. Plaintiff also asserts that it has incurred substantial out-of-pocket costs "in an effort to detect and correct the unauthorized access to its Access Health Domains" and that it has been "forced to outsource services with data center support and continue operation of outside data center vendors . . . ." Exporting Plaintiff's domains to a new GoDaddy would require a resetting of proprietary software configurations used by Plaintiff to maintain the performance and functionality of its websites associated with its domains

and would be an expensive and time-consuming process resulting in a 48 to 72-hour period when Plaintiff's active websites would be offline.

Plaintiff filed a verified complaint asserting claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Florida Computer Abuse and Data Recovery Act, § 668.801 *et seq., FS*, and conversion, seeking damages and temporary and permanent injunctive relief. Plaintiff has also filed a motion seeking a temporary restraining order and a preliminary injunction.

## **Legal Standard**

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); Local Rule 6.01. The movant bears the burden of establishing entitlement to a TRO and must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

Where the movant requests issuance of a TRO without notice to the adverse party, the district court must first determine whether the movant has shown adequate justification for such *ex parte* relief before addressing whether the movant has met the four-pronged test. *See Emerging Vision, Inc. v. Glachman*, No. 10-80734-CIV, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), *report and recommendation adopted*, 2010 WL

3293351 (S.D. Fla. Aug. 11, 2010). Rule 65 of the Federal Rules of Civil Procedure permits a district court to issue a no-notice TRO only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). A no-notice TRO "is an extreme remedy to be used only with the utmost caution." *Levine v. Comcoa, Ltd.,* 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, C.J., concurring).

## Analysis

Without undertaking substantial and unnecessary analysis, the Court finds that Plaintiff has failed to establish entitlement to a no-notice TRO. Indeed, although Plaintiff has styled its motion as one for "Temporary Restraining Order and Preliminary Injunction," the motion makes no attempt to address the requirements for a TRO. For example, Plaintiff fails to describe any efforts to provide notice to Defendants. Plaintiff also fails to assert any specific facts that clearly show it will suffer immediate and irreparable injury, loss, or damage before Defendant can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A)-(B). Moreover, the Court finds that the TRO motion is procedurally insufficient. The Local Rules require that a proposed order be submitted with a TRO motion. *See* Local Rule 6.01(a)(5). Plaintiff, however, has not submitted a proposed order. In light of these deficiencies, the Court is not able to address Plaintiff's allegations without input from Defendants and is unwilling to permit the use of such an extreme remedy.

Because Plaintiff has failed to meet the high burden for the issuance of a TRO, to the extent that its motion seeks that extraordinary relief, it must be denied. To the extent that the motion seeks preliminary injunctive relief, the Court will defer ruling until Plaintiff has effected service of process on Defendants and Defendants have had an opportunity to be heard on the motion. Plaintiff may request an expedited schedule to address the motion.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum of Law" (Doc. 2) is **DENIED IN PART** and **DEFERRED IN PART.**

2. The motion is **DENIED** to the extent that it seeks an *ex parte* temporary restraining order, without notice to Defendants or an opportunity for Defendants to be heard.

3. The Court will **DEFER RULING** on the motion to the extent that it seeks a preliminary injunction until such time as Defendants may be heard in opposition.

4. Plaintiff is directed to serve Defendants as soon as possible with the items required by Local Rule 6.01(c), including the summons and complaint, Plaintiff's motion for a temporary restraining order and preliminary injunction, and a copy of this Order.

5. The Court will hold a hearing on Plaintiff's motion on October 12, 2021, at

10:30 a.m. in Courtroom 14A.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of October, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**