UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS HEALTHCARE PHYSICIANS,
LLC,

    Plaintiff,

v.                                      Case No. 8:21-cv-2306-TPB-AAS

IT POSSIBLE, a Maryland
limited liability company and
KIRIT DESAI,

    Defendants.
_____/

## ORDER DENYING "DEFENDANTS' MOTION TO STAY OR DISMISS PLAINTIFF'S COMPLAINT"

This matter is before the Court on "Defendants' Motion to Stay or Dismiss Plaintiff's Complaint, with Incorporated Memorandum of Law," filed November 1, 2021. (Doc. 24). Plaintiff filed a response in opposition on November 23, 2021. (Doc. 30). Based on the motion, court file, and record, the Court finds as follows:

### Background[1]

The parties to this action, and their affiliates, are actively litigating against each other in separate proceedings pending in other courts. As such, this action is just one skirmish in a broader set of ongoing business disputes involving various affiliates of the parties to this case. Plaintiff Access Healthcare Physicians, LLC, provides primary care

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motions to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

services and diagnostic testing to patients in Florida. Plaintiff was founded and is owned primarily by Dr. Pariksith Singh. Plaintiff uses the services of GoDaddy, a non-party, for registration of internet domains and for web hosting services for websites through which Plaintiff does business. In 2020-2021, Plaintiff, Defendant Dr. Kirit Desai ("Desai"), and Desai's wife, Dr. Pratibha Desai, who is not a party, were involved in discussions about a potential joint business venture relating to an entity known as Comprehensive Hematology and Oncology LLC ("CHO"). The parties set up domain accounts within Plaintiff's overarching GoDaddy account for potential future use by CHO. The talks, however, did not come to fruition, and Desai stated that he planned to transfer the CHO domains to a separate GoDaddy account. Desai gave Plaintiff his credit card so that the card would be an authorized payment source for charges related to the CHO domains until they could be transferred.

On August 27, 2021, however, Plaintiff found itself locked out of its GoDaddy account. On September 13, 2021, a representative of Defendant IT Possible, which provides computer services to Desai, e-mailed Plaintiff and informed Plaintiff that IT Possible now controlled the GoDaddy account and Plaintiff should move its other domains (those not relating to CHO) to a new GoDaddy account. Plaintiff alleges on information and belief that Desai and IT Possible improperly gained control of Plaintiff's GoDaddy account by a phone call to GoDaddy using Desai's credit card information to persuade GoDaddy to allow them access.

Because of Defendants' actions, Plaintiff could not access its GoDaddy account or use its account to operate its various websites and maintain its domain registrations. Defendants' access and control of the account also raised the potential that Defendants

might provide access to third parties, transfer domains or valuable information to third parties, or make changes to Plaintiff's account such as changing the services GoDaddy provides. As a result, Plaintiff was at risk that its websites would crash and that it would suffer damage to its reputation and lose customers. Plaintiff incurred substantial out of pocket costs "in an effort to detect and correct Defendants' unauthorized access to its Access Health Domains and Access Health GoDaddy Account," and was "forced to outsource services with data center support and continue operation of outside data center vendors."

Plaintiff filed a verified complaint asserting claims for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, violations of the Florida Computer Abuse and Data Recovery Act, § 668.801 *et seq., F.S.*, and conversion, seeking damages and temporary and permanent injunctive relief requiring that Defendants restore Plaintiff's access to its account. Plaintiff also filed a motion seeking a temporary restraining order and a preliminary injunction. The Court denied the motion to the extent it sought *ex parte* injunctive relief, directed Plaintiff to serve Defendants so that they could respond, and otherwise deferred ruling on the motion. Prior to the scheduled evidentiary hearing on the motion, the parties advised the Court that they had resolved the issues related to the temporary injunction and that Plaintiff's access to its GoDaddy account had been restored.[2]

Defendants thereafter moved to stay or dismiss the complaint.

---

[2] Plaintiff now asserts that it primarily seeks damages and appears to have abandoned pursuit of a preliminary injunction. The Court therefore denies the motion for preliminary injunction in its entirety as moot.

## Legal Standard

A motion to stay federal court litigation during the pendency of a state court action is directed to the district court's sound discretion, but requires a showing of exceptional circumstances. *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

On a motion to dismiss for failing to join a required party, a court accepts as true the allegations of the complaint, but may also rely on evidence outside the pleadings in

reaching its decision. *Jackson v. Advanced-Pro Communications*, 5:10-cv-210-Oc-32GRJ, 2010 WL 11623571, at *1 (M.D. Fla. July 7, 2010). The moving defendant bears the burden of showing that the absent party must be joined for just adjudication. *Id.*

## Analysis

### *Stay of Proceedings*

Defendants' motion to stay or dismiss argues that this action is an attempt by Plaintiff to gain an advantage in a broader set of ongoing business disputes involving various affiliates of the parties to this case. Based on the exhibits attached to Defendants' motion, it appears that in connection with these disputes, Singh and CHO Practice Holdings, LLC ("CPH"), another limited liability company Singh manages, filed suit in state court against CHO, the two Desais, and their affiliated companies. The state court proceeding seeks the dissolution of CHO and other relief. One of the defendants in that case filed a notice of election to purchase CPH's interest in CHO. Defendants argue that under § 605.0706(2), *F.S.*, the notice of election triggered an automatic stay of the dissolution proceeding as well as of any "ancillary claims" in that proceeding. Defendants vaguely suggest that the statute provides a basis to stay this proceeding as well.

Section 605.0706(2), *F.S.*, provides that once a notice of election has been filed, then absent a court order a suit to dissolve a limited liability company under § 605.0702(1)(b), *F.S.*, may not be discontinued or settled, and the member of the limited liability company petitioning for dissolution may not dispose of his or her interest. Even assuming Defendants are correct as to the statute's operation in the state court proceeding seeking to dissolve CHO, they offer no explanation how it supports a stay of

this proceeding, which seeks damages and injunctive relief under federal and state law against Kirit Desai and IT Possible. Defendants have raised no other arguments for a stay, such as showing that exceptional circumstances warrant a stay under *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976). *See, e.g., Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140-43 (11th Cir. 2013); *Am. Mfrs. Mut. Ins. Co.*, 743 F.2d at 1525. Defendants' motion is denied to the extent that it seeks a stay of this action.

### *Failure to State a Claim*

In arguing that the complaint fails to state a claim, Defendants challenge the narrative presented in the complaint by pointing to documents that are not attached to or mentioned in the complaint. This is not proper argument on a motion to dismiss under Rule 12(b)(6). *See MBH Mar. Interest LLC v. Manteiga*, 17-61909-CIV-O'SULLIVAN, 2018 WL 1363844, at *2 (S.D. Fla. Mar. 15, 2018) ("The Court finds no support in the law for Plaintiff's proposition that it should examine the allegations in light of extraneous documents which establish 'context' for the allegations. On the contrary, as Plaintiff's cases hold, the Court may only consider documents that are central to or referenced in the complaint.").

Defendants next argue that the complaint's allegations should be judged under the particularity standard of Rule 9(b), are vague as to how Defendants improperly gained access to the GoDaddy account, and impermissibly refer to "Defendants" collectively without making clear which Defendant committed which act. The Court disagrees. The weight of authority holds that the sufficiency of claims under 18 U.S.C. § 1030 is determined under the pleading standard of Rule 8, not Rule 9(b). *See, e.g., Coll Builders*

*Supply, Inc. v. Velez*, 6:17-cv-933-Orl-40DCI, 2017 WL 4158661, at *9 (M.D. Fla. Aug. 31, 2017), *report and recommendation adopted*, 2017 WL 4125641 (M.D. Fla. Sept. 18, 2017) ("[T]he case law indicates that, despite the title 'Computer Fraud and Abuse Act,' Rule 9(b) does not apply to violations brought under the CFAA.").

The complaint alleges on information and belief that on or around August 27, 2021, Defendants gained access to Plaintiff's GoDaddy account without Plaintiff's permission, and that this was accomplished by Defendants IT Possible and/or Desai calling GoDaddy and claiming to have had proper access but lost the password. The complaint also points to a September 13, 2021, e-mail from IT Possible stating that IT Possible had "obtained access to the GoDaddy account." These allegations may be factually incorrect, but they allege a claim that is facially plausible and provide sufficient notice to each Defendant of the conduct at issue.[3] *See Ritter v. Nonprofit Info. Networking Ass'n*, 8:16-cv-01386-CEH-AAS, 2017 WL 821851, at *2 (M.D. Fla. Mar. 2017) (holding that a complaint's collective reference to "defendants" did not deprive the defendants of fair notice of the conduct attributed to them where there were only two defendants). Contrary to Defendants' arguments, paragraph 63 of the complaint identifies the alleged "protected computer," and paragraph 69 alleges monetary loss as a result of Defendants' conduct. Defendants' motion to dismiss for failure to state a claim is denied.

---

[3] Even judged under Rule 9(b), the complaint sufficiently notifies Defendants as to the time, place, and substance of the alleged fraud and provides Defendants with fair notice of the claim and their role in it. *See Coll Builders Supply*, 2017 WL 4158661, at * 9.

*Failure to Join an Indispensable Party*

Defendants argue that the complaint should be dismissed for failure to join CHO as a party under Rule 19.  They argue that CHO has an interest in the action, that Defendants' actions were for or on behalf of CHO, as an agent or vendor, and that Defendants therefore face a risk of additional litigation and multiple or inconsistent obligations if CHO is not joined.  Defendants, however, offer no explanation as to the nature of CHO's interest or as to how any multiple or inconsistent obligations might come about as a result of the non-joinder of CHO.  Defendants also offer no legal authority requiring the joinder of CHO under these circumstances.  If Defendants acted on behalf of CHO, that would not require CHO's joinder.  *See, e.g., Dominguez v. True Help Services, Inc.*, 6:18-cv-1656-Orl-40EJK, 2019 WL 5110646, at *2 (M.D. Fla. Aug. 1, 2019) ("To the extent that Defendant argues that AHCA is indispensable because Defendant is its agent, a principal and agent are not indispensable parties to each other by reason of that relationship alone.").  Defendants' motion to dismiss based on a failure to join CHO is therefore denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion to Stay or Dismiss Plaintiff's Complaint, with Incorporated Memorandum of Law" (Doc. 24) is **DENIED.**

2. Defendants are directed to file their answer to the complaint on or before

May 2, 2022.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of April, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**